IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael S. Gilbert,                          :

    Plaintiff                           :        Case No. 2:04-cv-13

    v.                                  :        Judge Graham

Ohio Dept. of Rehabilitation &               :        Magistrate Judge Abel
Correction, *et al.*,
                                             :
    Defendants

**Order**

This matter is before the Court on defendant Ohio Department of

Rehabilitation and Correction's ("ODRC") March 17, 2004 motion to dismiss

plaintiff's complaint (doc. 5 in case # 2:04-cv-00158) and defendants Ginny

Lamneck and John Fausnaugh's May 17, 2004 motion to dismiss plaintiff's

complaint (doc. 7 in case # 2:04-cv-00158).[1] Plaintiff did not file a memorandum

in opposition to these motions.

    <u>Background</u>. Plaintiff was an employee of defendant Ohio Department of

---

[1]Four suits and two miscellaneous actions filed by Mr. Gilbert have been
consolidated in this one action: 2:04-cv-00013; 2:04-cv-00158; 2:04-cv-00660;
2:04-mc-00092; 2:04-mc-00093; and, 2:05-cv-00017. This Order relates to motions
to dismiss filed in *Michael S. Gilbert v. Correction Reception Center, et al.*, 2:04-
cv-00158.

Rehabilitation and Correction.  The amended complaint alleges that plaintiff's employer created and operated a hostile work environment and engaged in a pattern of discrimination and retaliation directed at plaintiff and other African American employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, Ohio Revised Code Chapter 4112, as well as  several state law tort claims (doc. 4).  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on December 2, 2002 and received his Notice of Right to Sue letter on September 17, 2003 (doc.  4).

Arguments of the Parties.  Defendants argue that Mr.  Gilbert's complaint should be dismissed because it does not contain a demand for judgment.  Mr. Gilbert demands judgment against Xerox Corporation and not from defendants.

The ODRC contends that any state law claim against the ODRC must be dismissed because the Eleventh Amendment does not permit plaintiff to assert state law claims against the state in federal court unless the state consents to being sued in federal court.

With respect to Mr.  Gilbert's Title VII claim, defendants maintain that plaintiff has failed to state a claim upon which relief can be granted. Defendants contend that plaintiff's Title VII claim is limited to the reasonable scope of his charge of discrimination, and he cannot establish a *prima facie* case of discrimination because he has not alleged an adverse employment action.

2

Assuming that plaintiff asserted a 42 U.S.C. § 1981 claim, defendants argue that it must be dismissed because the state is immune from a section 1981 in federal court based on the Eleventh Amendment.

Defendants Lamneck and Fausnaugh maintain that plaintiff's claims against them in their official capacities must be dismissed because it is actually a suit against the state agency.  Lamneck and Fausnaugh also argue that plaintiff's Title VII claim against the individual defendants must be dismissed because individual defendants are not subject to claims under Title VII. Defendants also argue that employees of the State of Ohio enjoy statutory immunity against liability in civil actions for any damage or injury caused by the performance of that employee's duties.  Finally, Lamneck and Fausnaugh argue that plaintiff's section 1981 claim must be dismissed because he fails to state a claim upon which relief can be granted because he cannot establish a *prima facie* case of discrimination.

Motion to Dismiss. A complaint may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an

absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). The court is not required to accept as true unwarranted legal conclusions or factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10 (6th Cir. 1987).

Discussion. Mr. Gilbert has brought claims of racial discrimination under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, Ohio Revised Code Chapter 4112, as well as several state law tort claims. Mr. Gilbert's claims under section 4112.02 of the Ohio Revised Code against the ODRC must be dismissed because under the Eleventh Amendment, absent a state's unequivocal consent, it is immune from suit. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1983). The complaint also asserts claims for theft by taking, violation of the whistle blower law, infliction of emotional distress, defamation of character and reputation, slander, bad faith breach, breach of fiduciary responsibilities and obligations, and conspiracy. To the extent that these claims exist, they do so under state law, and as a result are also barred by sovereign immunity. Plaintiff's section 1981 claim against ODRC is also barred by

4

the Eleventh Amendment of the United States Constitution.  *See Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999); *Johnson v. University of Cincinnati*, 215 F.3d 562, 571 (6th Cir.  2000).

Title VII provides that it is unlawful for an employer "to discharge any individual, or otherwise . . . discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a) (1994).  Plaintiff initially bears the burden of establishing a *prima facie* case of employment discrimination.  *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).  A plaintiff can establish a *prima facie* case of discrimination by showing by a preponderance of the evidence:

(1)     that he is a member of a protected group;

(2)     that he was subject to an adverse employment decision;

(3)     that he was qualified for the position; and

(4)     that he was replaced by a person outside of the protected class.

*Talley v. Bravo Pitino Restaurant, Ltd*, 61 F.3d 1241, 1246 (6th Cir. 1995) (citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).  A plaintiff may satisfy the fourth element by showing "that similarly situated non-protected employees were treated more favorably than the plaintiff." *Talley*, 61 F.3d at 1246.

If the *prima facie* case is established, the employer must articulate a

5

legitimate, non-discriminatory reason for the termination.  *See McDonnell Douglas*, 411 U.S. at 802.  If the employer does so, the burden of production then shifts to the plaintiff to show that the proffered reason is a pretext for discrimination.  *See id.* at 804.  The plaintiff at all times retains the burden of persuading the fact finder that he has been the victim of intentional discrimination.  *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Defendants argue that Mr.  Gilbert has not alleged that he suffered an adverse employment action, which is necessary to make a *prima facie* case of race discrimination.

In *Hollins v.  Atlantic Co.*, 188 F.3d 652, 662 (6th Cir.  1999),  the Sixth Circuit defined an adverse employment action as a "materially adverse change in the terms and conditions of [plaintiff's] employment."  An adverse employment action in a retaliation case constitutes "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *White v.  Burlington Northern & Santa Fe Railway Co.*, 364 F.3d 789,798 (6th Cir. 2004)(quoting *Burlington Industries v.  Ellerth*, 524 U.S. 742, 761 (1998)).  In *White*, the Sixth Circuit was asked to revise the definition of adverse employment action for Title VII retaliation cases and adopt the EEOC guideline definition, which is "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter a charging party or others from engaging in protected

6

activity." *White*, 364 F.3d at 798 (quoting EEOC Compliance Manual § 8, "Retaliation," ¶ 8008 (1998)).  The Sixth Circuit rejected the request to adopt a new definition of adverse employment action for purposes of Title VII retaliation cases.

Here, the complaint asserts that the ODRC escorted Mr.  Gilbert to and from his post, that co-workers engaged in gossip and made defamatory statements about him, and that ODRC employees confiscated a sheet cake that Mr.  Gilbert presented to his supervisors at a pre-disciplinary conference.  As a matter of law, these actions do not rise to the level of an adverse employment action.  The complaint, however also alleges that defendants have committed the following actions:

> (1) maintaining a racially hostile and offensive work environment;
> (2) the denial of advancement and promotional opportunities and equal compensation to qualified Black employees like they have systematically done to Plaintiff during his entire ten year employment with The Department of Rehabilitation and Corrections.  (3) employing the use of the disciplinary process to discipline Plaintiff and other minorities more severely and frequently; (4) retaliation against Plaintiff for defending his civil rights and human rights; (5) disciplining Plaintiff severely for the same violations committed by White employee, who were less severely disciplined; (6) employing the disciplinary process as a deceptive method to create a fictitious investigation or hearings for the sole purpose of causing Plaintiff extreme humiliation and embarrassment before his peers and the inmates for whom he had gained trust and respect from; creating false situations and alleging that they were violations, when in fact, the unit policies and Administrative Rules and Regulations clearly supported Plaintiff from the very beginning of the false accusations made against Plaintiff by the same specific White Supervisors over and over again.

Mr. Gilbert's Title VII claim is limited to the reasonable scope of his charge of discrimination. *EEOC v. McCall Printing*, 633 F.2d 1232, 1235 (6th Cir. 1980). According to the September 17, 2003 letter from the Ohio Civil Rights Commission ("OCRC") plaintiff filed a charge against ODRC alleging that "he was escorted around the compound and had his cake confiscated due to his race, Black, and in retaliation for filing numerous charges against Respondent." Am. Compl. at page 6. Plaintiff has not provided the Court the charge of discrimination he filed with the OCRC, and therefore it is not clear whether the OCRC letter accurately reflected his charge of discrimination. Despite ample opportunity,[2] plaintiff failed to respond to defendants' motion to dismiss and to clarify the scope of his charge of discrimination. Accordingly, defendant ODRC's March 17, 2004 motion to dismiss (doc. 5) is GRANTED with respect to plaintiff's claims against the ODRC.

Defendants Ginny Lamneck and Jon Fausnaugh have also filed a motion to dismiss based on Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

---

[2]Defendant ODRC filed its motion to dismiss on March 17, 2004. On June 23, 2004, this action was dismissed without prejudice for want of prosecution. On July 23, 2004, plaintiff sought to reopen the case and obtain an extension to respond to the pending motions to dismiss. Plaintiff's motion was granted and he had until October 22, 2004 in which to respond. On October 25, 2005, plaintiff sought another 30 day extension in which to respond; this motion was also granted. On December 7, 2004, plaintiff sought a third extension, and this motion was never ruled on. On May 19, 2005 Mr. Gilbert and counsel for defendants met with Magistrate Judge Abel. They indicated that motions to dismiss were pending in 2:04-cv-00158 and 2:05-cv-00017 that were awaiting decision by the Court. May 23, 2005 Order.

Title VII claims against individual defendants must be dismissed because individual employees of the state are not subject to Title VII claims. *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997). To the extent that plaintiff has alleged any state claims against the individual defendants, this Court does not have jurisdiction to determine whether defendants should be stripped of their statutory immunity pursuant to section 9.86 of the Ohio Revised Code.[3] The Ohio Court of Claims has exclusive, original jurisdiction to determine whether an employee is immune by operation of Ohio Revised Code § 9.86. *See* Ohio Rev. Code § 2743.02(F); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989).

Plaintiff also appears to assert a 42 U.S.C. § 1981 claim against defendants Lamneck and Fausnaugh. Defendants contend that plaintiff has also failed to

---

[3]Section 9.86 of the Ohio Revised Code states:

> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

> This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743. of the Revised Code.

9

assert a *prima facie* case of discrimination under section 1981.  Section 1981, however, does not contain express procedural provisions which require that a charge of discrimination be filed with the OCRC or the EEOC.  As a result, plaintiff is not limited to the reasonable scope of his charge of discrimination, and his complaint asserts a *prima facie* case of discrimination with respect to section 1981.  The complaint alleges that plaintiff is a member of a protected group; that he was subject to an adverse employment decision by being disciplined more severely than his white counterparts and by being denied advancement, promotion and equal compensation; that he was qualified for the position; and that a person outside of the protected class was promoted.

Conclusion.  For the reasons stated above, the Court GRANTS defendant ODRC's March 17, 2004 motion to dismiss (doc. 5 in case # 2:04-cv-00158).  It DENIES the motion to dismiss plaintiff's section 1981 claim against defendants Lamneck and Fausnaugh (doc. 7 in case  # 2:04-cv-00158), but DISMISSES all other claims against those defendants.  The Ohio Department of Rehabilitation and Corrections is DISMISSED from *Michael S. Gilbert v.  Correction Reception Center, et al.*, 2:04-cv-00158.

s/James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE:  June 17, 2005