IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael S. Gilbert, | : | |
| Plaintiff | : | Case No. 2:04-cv-13 |
| v. | : | Judge Graham |
| Ohio Dept. of Rehabilitation & Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

**Report and Recommendation**

This matter is before the Magistrate Judge on defendants OCSEA AFSCME Local 11 ("OCSEA")'s June 17, 2005 motion to dismiss (doc. 35).

<u>Background</u>.  Plaintiff was an employee of defendant Ohio Department of Rehabilitation and Correction and maintains that his employer created and operated a hostile work environment and engaged in a pattern of discrimination and retaliation directed at plaintiff and other African American employees in violation of Title VII of the Civil Rights Act of 1964.  The complaint alleges that his union did not represent him in his grievance concerning his discharge as it would have represented a white employee; that defendants Alvarado, Justice, and Patrick failed to properly represent him during the grievance procedure challenging his removal; that the union failed to represent him in the internal union grievance review process, to

1

arbitrate his grievance, andto represent him in the same manner as it had represented white union members when he was ordered to submit doctor's statements and to return to work while on FMLA leave to attend meetings.

Arguments of the Parties. OCSEA argues that plaintiff's discrimination claim against the union defendants should be dismissed because plaintiff has repeatedly failed to comply with mandatory filing requirements.  Defendants argue that plaintiff did not file a charge with the EEOC until 320 days after the alleged discriminatory act occurred, and, as a result, he did not comply with the procedural filing requirements.  Defendants also maintain that plaintiff did not file this action until 103 after receiving his right to sue letter from the EEOC.  Defendants also argue that plaintiff's Title VII claim against the individual union defendants must be dismissed because they are not named as respondents in plaintiff's initial EEOC charge and administrative remedies were not exhausted with respect to them.

Defendants maintain that plaintiff's duty of fair representation claim must be dismissed because this Court lacks subject matter jurisdiction over an unfair labor practice claim of a state employee.  State employees are governed by the Ohio Public Employees Act, which establishes that a union's failure to fairly represent members of its bargaining unit constitutes an unfair labor practice that is remediable the State Employment Relations Board ("SERB").  SERB has exclusive jurisdiction to decide and remedy claims under the statute, according to defendants.

2

Finally, defendants argue that plaintiff has failed to state a claim against the union defendants based on Title VII because he has failed to demonstrate that the union defendants failed to advance his grievance to arbitration for any reason other than it lack substantial merit to proceed to arbitration. Plaintiff has failed to plead any wrongdoing on the part of defendants.

Plaintiff argues that although his filing of the EEOC charge of discrimination and his complaint were not timely, dismissal is not appropriate. Pro se plaintiffs are accorded some latitude. Plaintiff also maintains that he exhausted all administrative remedies with respect to defendants Alvarado, Justice, and Patrick. Plaintiff argues that Alvarado, Justice, and Patrick acknowledged that they failed to prepare for and represent plaintiff properly in the proceedings.

<u>Motion to Dismiss</u>. When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513

F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980). Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining

4

whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn v. Tennessee*, 697 F.2d 121, 125 (6th Cir. 1983). Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See *Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v.*

*Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

<u>Discussion</u>.  A plaintiff must file timely charges with the EEOC or the OCRC and timely file suit within 90 days after receiving the EEOC's statutory notice of the right to sue.  42 U.S.C. § 2000e-5(f)(1).  Plaintiff appears to concede that his charge with the EEOC was not timely.[1] A plaintiff must file a timely discrimination charge with the EEOC under Title VII. *Amni v. Oberlin College*, 259 F. 3d 493, 498 (6th Cir. 2001).  In what is known as a deferral state, such as Ohio, plaintiff must file a charge of discrimination within 300 days of the alleged discriminatory act. *Id*. Plaintiff attached his right to sue letter from the EEOC to his original complaint. This letter indicates that his charge of discrimination was not timely filed with the EEOC.  The letter does not provide the date that the alleged discrimination occurred or any other relevant details.

The 300-day period of limitations for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).  However, the Sixth Circuit has stated that equitable tolling relief should be granted only sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000) (citing *Irwin v. Dep't of*

---

[1] Plaintiff does not challenge defendants' assertion that this action was not filed on a timely basis.  Defendants maintain that plaintiff filed this action 110 days after receiving his right to sue letter from the EEOC.  However, plaintiff's right to sue letter was dated April 16, 2004 and his complaint was received by the Clerk of Court on July 19, 2004.  Therefore, only 84 days had elapsed since the mailing of his right to sue letter, and his action was timely filed.

*Veterans Affairs,* 498 U.S. 89, 96(1990)).  The Sixth Circuit considers the following factors when considering the application of equitable tolling: lack of notice of the filing requirement; lack of constructive knowledge of the filing requirement; diligence in pursuing one's rights; absence of prejudice to the defendant; and the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim. *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998) (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).  Neither party has addressed whether equitable tolling is appropriate in this circumstance.

Defendants assert that plaintiff's Title VII claim against the individual union defendants must be dismissed because they are not named as respondents in plaintiff's initial EEOC charge, but plaintiff did not attach his EEOC charge to his complaint.  "It is well settled that a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge or it has unfairly prevented the filing of an EEOC charge." *Jones v. Truck Drivers' Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984).  Therefore, plaintiff is DIRECTED to file a copy of his charge of discrimination within 10 days of this Report and Recommendation.  The parties are DIRECTED to brief whether the 300-day period of limitations for filing a charge with the EEOC is subject to waiver, estoppel, and equitable tolling in this case and whether or not the individual union defendants are proper defendants under Title VII.

Defendants maintain that this Court lacks subject matter jurisdiction over an unfair labor practice claim of a state employee. Section 4117.11 of the Ohio Revised Code provides that public employees are protected against unfair labor practices. Section 4117.11(B)(6) provides that a union's failure to fairly represent members of its bargaining unit constitutes an unfair labor practice. SERB has exclusive jurisdiction to decide claims pursuant to Ohio Revised Code § 4117.11, and courts do not have original jurisdiction to hear such claims. *Franklin City Law Enforcement Association v. F.O.P., Lodge 9*, 59 Ohio St. 3d 176, 169-70 (1991). Therefore the Magistrate Judge RECOMMENDS that defendants' motion to dismiss plaintiff's state claim based on defendants' duty of fair representation be GRANTED.

Defendants maintain that plaintiff has not pleaded a Title VII claim against the union because plaintiff did not allege that ODRC violated the collective bargaining agreement. Plaintiff must show that the union defendants breached their duty of fair representation before he can prevail on his claim that the union violated Title VII by failing to follow through on plaintiff's grievance. The complaint does allege that plaintiff was wrongfully terminated, although it does not explicitly state that he was terminated in contravention of the collective bargaining agreement.

The Seventh Circuit has outlined a test to evaluate Title VII claims based upon the duty of fair representation:

> To establish a claim against the Union, the plaintiff was required to show: (1) that the company committed a violation of the collective bargaining agreement with respect to the plaintiff; (2) that the Union permitted that breach to go unrepaired, thus breaching its own duty of

> fair representation; and (3) that there was some indication that the
> Union's actions were motivated by racial animus.

*Bugg v. International Union of Allied Indus. Workers, Local 507*, 674 F.2d 595, 598 at n. 5 (7th Cir. 1982). Here plaintiff has asserted that he was wrongfully terminated; that the union failed to enforce his rights, to properly represent him during the grievance procedure, and to advance his case to arbitration; and, that he received different treatment than his white counterparts in the union. By construing the complaint in the light most favorable to the plaintiff and accepting all well-pleaded material allegations in the complaint as true, the Magistrate Judge RECOMMENDS that defendants' motion to dismiss with respect to plaintiff's Title VII claim based on the duty of fair representation be DENIED.

Conclusion. For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants' motion to dismiss with respect to plaintiff's Title VII claim based on the duty of fair representation be DENIED. Plaintiff is DIRECTED to file a copy of his charge of discrimination against OCSEA with the Clerk of Court within 10 days of this Report and Recommendation.[2] The parties are also DIRECTED to brief whether the 300-day period of limitations for filing a charge with the EEOC is subject to waiver, estoppel, and equitable tolling in this case and whether or not the individual union defendants are proper defendants under Title VII within 10 days of this Report and Recommendation. I reserve ruling on the

---

[2] If the charge does not state the date(s) on which OCSEA discriminated against him, plaintiff must further execute an affidavit setting out the discriminatory acts OCSEA committed and the date(s) it took those discriminatory actions.

remaining issues raised by the motion to dismiss until the charge of discrimination has been reviewed.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R. Abel<br>
United States Magistrate Judge