IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael S. Gilbert, | : | |
| Plaintiff | : | Case No. 2:04-cv-13 |
| | | Original Case No. 2:04-cv-660 |
| v. | : | |
| | | Judge Graham |
| Ohio Dept. of Rehabilitation & Correction, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

**Report and Recommendation**

This matter is before the Magistrate Judge on defendants Ohio Department of Rehabilitation and Correction, ("ODRC"), Correction Reception Center, Donna Day, George Smith, and Jacqueline Foster's June 15, 2005 motion to dismiss plaintiff's complaint (doc. 33). Plaintiff Gilbert has not filed a brief opposing this motion.

<u>Background</u>. Plaintiff was an employee of defendant Ohio Department of Rehabilitation and Correction and maintains that his employer created and operated a hostile work environment and engaged in a pattern of discrimination and retaliation directed at plaintiff and other African American employees in violation of Title VII of the Civil Rights Act of 1964. The complaint alleges that his union did not represent him in his grievance concerning his discharge as it would have represented a white employee; that defendants Alvarado, Justice, and Patrick failed to properly

1

represent him during the grievance procedure challenging his removal; that the union failed to represent him in the internal union grievance review process, to arbitrate his grievance, and to represent him in the same manner as it had represented white union members when he was ordered to submit doctor's statements and to return to work while on leave pursuant to the Family Medical Leave Act ("FMLA") to attend meetings.

Arguments of the Parties.  The State defendants contend that plaintiff's right to sue letter indicates that plaintiff only identified his union, the Ohio Civil Service Employees Association ("OCSEA"), AFSCME Local 11 in his charge of discrimination.  Defendants argue that plaintiff's Title VII claims should be dismissed because he has not exhausted his administrative remedies with respect to the State defendants.  A plaintiff satisfies the administrative exhaustion requirement when the claims presented in a complaint are contained within a charge filed with the EEOC. Defendants maintain that even if plaintiff alleged Title VII claims against the individual defendants, they must be dismissed because individual employees are not liable under Title VII.

Defendants also argue that plaintiff's FMLA claims must be dismissed because the individual defendants cannot be held liable for violations of FMLA.  Defendants also contend that because plaintiff's FMLA claims are based on his own medical condition, the claims are barred by Eleventh Amendment.

Defendants further argue that this Court has no jurisdiction over a hybrid duty of fair representation and a breach of the collective bargaining agreement against the State. To the extent that plaintiff is asserting a claim against ODRC in relation to his union activity, it must be a hybrid claim that includes OCSEA's failure to exercise its duty of fair representation. The Labor Management Relations Act ("LMRA") exempts the State from the definition of "employer," and therefore, plaintiff's claim fails to state a claim upon which relief can be granted.

Finally, defendants argue that plaintiff cannot properly allege any state law claims against the State defendants or the State itself because of immunity afforded by the Eleventh Amendment.

Motion to Dismiss. When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or

unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980). Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155; Sims, 451 F.2d at 173.

4

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. See *United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn v. Tennessee*, 697 F.2d 121, 125 (6th Cir. 1983). Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See *Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. See generally *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. See *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

<u>Discussion</u>.  The Court notes that the only State defendant that was named in plaintiff's complaint was Mark Saunders, the Warden of the Corrections Reception Center.[1]  Donna Day, George Smith, and Jacqueline Foster were not named in the complaint, although apparently they were served with summons and complaint.

A plaintiff must file timely charges with the EEOC or the OCRC and timely file suit within 90 days after receiving the EEOC's statutory notice of the right to sue.  42 U.S.C. § 2000e-5(f)(1).  A plaintiff must file a timely discrimination charge with the EEOC under Title VII.  *Amni v. Oberlin College*, 259 F. 3d 493, 498 (6th Cir. 2001).  In what is known as a deferral state, such as Ohio, plaintiff must file a charge of discrimination within 300 days of the alleged discriminatory act.  *Id*.  Plaintiff attached the April 16, 2004 right to sue letter from the EEOC to his original complaint.  This letter states that his charge of discrimination was not timely filed with the EEOC.  The letter does not provide the date that the alleged discrimination occurred or any other relevant details.  From the complaint in *Gilbert v. Department of Rehabilitation and Correction Reception Center, et al.*, 2:05-cv-17 and plaintiff's August 22, 2000 brief in 2:04-cv-13 opposing defendants OCSEA's motion to dismiss (doc. 45), it appears that the Ohio Department of Rehabilitation and Correction

---

[1] According to the docket, Mark Saunders was not served with the complaint. On August 31, 2004, defendants counsel noted that Mr. Saunders still had not been served. Plaintiff has failed to file proof of service of summons and complaint on defendant Saunders within 120 days after filing the complaint.  Plaintiff is ORDERED to SHOW CAUSE within fifteen (15) days of the date of this Order why defendant should not be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civil. P. for failure to obtain service on him.

terminated Mr. Gilbert's employment on January 9, 2003. The complaint in 2:04-cv-660 alleges that on January 17, 2003, plaintiff filed a grievance through OCSEA challenging his discharge. Plaintiff's brief asserts that OCSEA represented plaintiff through the 4-step grievance process but refused to arbitrate.

    The 300-day period of limitations for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). However, the Sixth Circuit has stated that equitable tolling relief should be granted only sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96(1990)). The Sixth Circuit considers the following factors when considering the application of equitable tolling: lack of notice of the filing requirement; lack of constructive knowledge of the filing requirement; diligence in pursuing one's rights; absence of prejudice to the defendant; and the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim. *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998) (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988). Plaintiff did not file any response to defendants' motion to dismiss, and there is no indication that the application of equitable tolling is appropriate under the circumstances.

    Furthermore, "[i]t is well settled that a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge or it has unfairly prevented the filing of an

7

EEOC charge." *Jones v. Truck Drivers' Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). Because only OSCEA was named in plaintiff's charge of discrimination, the Magistrate Judge RECOMMENDS that defendants' motion to dismiss plaintiff's Title VII claims be GRANTED.[2]

Title VII claims against individual defendants must be dismissed because individual employees of the state are not subject to Title VII claims. *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Similarly, to the extent that plaintiff has asserted a FMLA claim against the individual defendants, it must be dismissed. Governmental officials or supervisors are not "employers" and cannot be held individually liable under the FMLA. *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003). Accordingly, the Magistrate Judge RECOMMENDS that the defendants' motion to be dismiss be GRANTED with respect to the individual defendants.

In *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003), the United States Supreme Court held that state employees may recover money damages in federal court in the event of the state's failure to comply with the family-care provision of the FMLA. Since that decision, courts, including the Sixth Circuit, have addressed whether the *Hibbs* decision implicated the self-care provision of the FMLA. In *Touvell v. Ohio Department of Mental Retardation and Developmental*

---

[2]Should plaintiff object to the recommendation, he must support that objection with a copy of the charge of discrimination he filed against OCSEA with the Civil Rights Commission. If the charge does not state the date(s) on which OCSEA discriminated against him, plaintiff must further execute an affidavit setting out the discriminatory acts OCSEA committed and the date(s) it took those discriminatory actions.

*Disabilities*, No. 04-4011 (6th Cir. Sep. 9, 2005), the Sixth Circuit held that the FMLA's purported abrogation of Ohio's Eleventh Amendment immunity was unconstitutional as it related to the self-care provision of the FMLA. Consequently, to the extent that plaintiff has stated a FMLA claim against the state defendants, the Magistrate Judge RECOMMENDS that defendants' motion to dismiss be GRANTED.

Defendants maintain that this Court lacks subject matter jurisdiction over a hybrid duty of a fair representation and breach of collective bargaining agreement claim against the State. The LMRA does not apply to states or state agencies. Under the LMRA, "[t]he term 'employer' . . . shall not include . . . any State or political subdivision thereof. . . ." 45 U.S.C. § 151(2). *See also City of Saginaw v. Service Employees International Union, Local 446-M*, 720 F.2d 459, 462 (6th Cir. 1983).

Section 4117.11 of the Ohio Revised Code provides that public employees are protected against unfair labor practices. SERB has exclusive jurisdiction to decide claims pursuant to Ohio Revised Code § 4117.11, and courts do not have original jurisdiction to hear such claims. *Franklin City Law Enforcement Association v. F.O.P., Lodge 9*, 59 Ohio St. 3d 176, 169-70 (1991). To the extent that plaintiff has asserted a hybrid claim pursuant to the LMRA, the Magistrate Judge RECOMMENDS that defendants' motion to dismiss be GRANTED.

Finally, defendants argue that plaintiff cannot properly allege any state law claims against the State defendants or the State itself because of immunity afforded

by the Eleventh Amendment.  Under the Eleventh Amendment, absent a state's unequivocal consent, it is immune from suit.  *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1983).

Conclusion. For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants Ohio Department of Rehabilitation & Correction, Correction Reception Center, Donna Day, George Smith, and Jacqueline Foster's June 15, 2005 motion to dismiss plaintiff's complaint (doc. 33) be GRANTED. Furthermore, plaintiff is ORDERED to SHOW CAUSE within fifteen (15) days of the date of this Order why defendant Saunders should not be dismissed without prejudice pursuant to Rule 4(m), Fed.  R.  Civil.  P.  for failure to obtain service on him.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/ Mark R. Abel
United States Magistrate Judge