IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Michael S. Gilbert, : | |
| Plaintiff : | Case No. 2:04-cv-13 |
| : | Original Case No. 2:04-cv-660 |
| v. : | |
| : | Judge Graham |
| Ohio Department of Rehabilitation : | |
| & Correction, *et al.*, | Magistrate Judge Abel |
| : | |
| Defendants | |
| : | |

**ORDER**

Plaintiff Michael S. Gilbert sues defendants alleging that the Ohio Department of Rehabilitation defendants discriminated and retaliated against him in his employment as a correctional officer because of his African American race and that the OCSEA AFSCME Local 11 defendants failed to adequately represent him during grievance proceedings that ultimately led to his discharge.

On October 5, 2005, the Magistrate Judge issued two Reports and Recom-mendations (docs. 47 and 48) Both addressed motions to dismiss the complaint filed in 2:04-cv-660. The first addressed the OCSEA AFSCME Local 11 defendants' June 17, 2005 motion to dismiss (doc. 35).[1] The Report and Recommendation made the following recommendations:

- **Duty of fair representation.** Dismiss plaintiff's state law claim that defendants violated their duty to provide him with fair repre-

---

[1]This is the docket number in 2:04-cv-00013.

sentation because SERB has exclusive jurisdiction under Ohio Revised Code § 4117.11(B)(6) to adjudicate such claims.

- **Title VII claim against the Union.**  Construing the complaint most favorably to plaintiff, it states a claim under Title VII that the Union, motivated by a racial animus, breached its duty of fair representation.

- **Timeliness of Title VII claims against OCSEA AFSCME Local 11 defendants.**  Plaintiff's charge of discrimination was dismissed by the EEOC because it was filed more than 300 days after the alleged discriminatory acts.  Plaintiff failed to provide the Court with a copy of the charge he filed with the EEOC.  The Magistrate Judge ordered plaintiff to file a copy of the charge of discrimination within ten days.  Ruling was reserved on the motion to dismiss these claims.

The second October 5, 2005 Report and Recommendation (doc. 48) recommended that the June 15, 2005 motion to dismiss filed by defendants Ohio Department of Rehabilitation and Correction ("ODRC"), the Correction Reception Center, Donna Day, George Smith, and Jacqueline Foster (doc. 33)[2] be granted:

- **Title VII claims.**  The EEOC dismissed the charge of discrimination because it was filed more than 300 days after the act of discrimination alleged.  Regardless of whether the charge of discrimination was time-ly filed, the complaint fails to state a claim against the ODRC defend-ants because OCSEA AFSCME Local 11 was the only party named in the charge of discrimination.  None of the ODRC defendants were named in the charge plaintiff filed with the EEOC.

- **Title VII claims against the individual defendants.**  Alternatively, the Title VII claims against the individual defendants, all

---

[2]This is the docket number in 2:04-cv-00013.  The motion to dismiss was also filed on the same day in 2:04-cv-00660 (doc. 31).

2

- employees of ODRC, fail to state a claim because government officials and supervisors are not "employers" within the meaning of the Act.

- **FMLA claims against the individual defendants.**  The FMLA claims against the individual defendants must be dismissed because they are not "employers" and cannot be held individually liable under that Act.

- **FMLA claims against the ODRC and the individual defend-ants.**  The Eleventh Amendment bars plaintiff's claims against the ODRC and the individual defendants.

- **LMRA claim against State of Ohio.**  The LMRA does not apply to state agencies.  SERB has exclusive jurisdiction under Ohio Revised Code § 4117.11 to adjudicate claims by state employees that a state agency violated a collective bargaining agreement.  To the extent that the complaint alleges a hybrid claim under 29 U.S.C. § 185(a), it fails to state a claim under the LMRA.

- **State defendants' sovereign immunity defense.**  Finally, to the extent the complaint may plead a claim not discussed above, it is barred by the Eleventh Amendment because plaintiff has failed to demonstrate the State's unequivocal consent to the claim.

- **Failure to serve summons and complaint on defendant Mark Saunders.**  Plaintiff was ordered to show cause within fifteen days why defendant Saunders should not be dismissed without prejudice as required by Rule 4(m), Fed. R. Civ. P., for failure to serve summons and complaint on him.

Matters before the Court.  Considerable confusion has been generated by Mr. Gilbert filing six actions, all arising out of the same set of operable facts: 2:04-cv-00013;  2:04-cv-00158;  2:04-cv-00660;  2:04-mc-00092;  2:04-mc-00093; and 2:05-cv-00017.  Further confusion resulted when all the case were consolidated and the Court ordered that all new filings be filed in  2:04-cv-00013.   Finally, confusion resulted from the Magistrate Judge filing two Reports

3

and Recommendations addressing two separate motions to dismiss the complaint filed in 2:04-cv-00660.  From a careful review of the record, it appears that plaintiff Gilbert filed objections on October 24, 2005 to the Magistrate Judge's October 5, 2005 Report and Recommendation (doc. 48).  The Magistrate Judge recommended that defendants Ohio Department of Rehabilitation and Correction, ("ODRC"), Correction Reception Center, Donna Day, George Smith, and Jacqueline Foster's June 15, 2005 motion to dismiss plaintiff's complaint (doc. 33 in case # 2:04-cv-13 and doc. 31 in case # 2:04-cv-660) be granted.  Although plaintiff's objections to doc. 48 state that he has also filed objections to the Magistrate Judge's October 5, 2005 Report and Recommendation regarding the OCSEA-AFSCME defendants' June 17, 2005 motion to dismiss (doc. 33), no objections were filed to that Report and Recommendation in either 2:04-cv-00013 or 2:04-cv-00660.

By inadvertence and mistake, the Court filed an Order on January 20, 2006 granting the ODRC defendants' June 15, 2005 motion to dismiss (doc. 33) that mistakenly stated that no objections had been filed to the October 5, 2005 Report and Recommendation (doc. 48).  The Court will now conduct *de novo* reviews of both October 5, 2005 Reports and Recommendations (docs. 47 and 48) and rule on the ODRC defendants' June 15, 2005 motion to dismiss (doc. 33) and the OCSEA-AFSCME defendants' January 17, 2005 motion to dismiss (doc. 37).

4

### I. Background

Plaintiff was an employee of defendant Ohio Department of Rehabilitation and Correction and maintains that his employer created and operated a hostile work environment and engaged in a pattern of discrimination and retaliation directed at plaintiff and other African American employees in violation of Title VII of the Civil Rights Act of 1964.  The complaint alleges that his union did not represent him in his grievance concerning his discharge as it would have represented a white employee; that defendants Alvarado, Justice, and Patrick failed to properly represent him during the grievance procedure challenging his removal; that the union failed to represent him in the internal union grievance review process, to arbitrate his grievance, and to represent him in the same manner as it had represented white union members when he was ordered to submit doctor's statements and to return to work while on leave pursuant to the Family Medical Leave Act ("FMLA") to attend meetings.

The complaint names OCSEA AFSCME Local 11, Union President Dan Alvarado, Union Official Dave Justice, Union Vice President, the Correction Reception Center, and Mark Saunders.  Although they were not named in the complaint, Donna Day, Jacqueline Foster, and George Smith were served with summonses and the complaint.

### II. Motion to Dismiss

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  See *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982); *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 n.3 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Kugler v. Helfant*, 421 U.S. 117, 125-26 n.5 (1975); *Smart*, 580 F.2d at 218 n.3; *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956).  In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading.  See *Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972).

When determining the sufficiency of a complaint in the face of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-

46 (1957); *see also McClain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232 (1980); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983); *Neil v. Bergland*, 646 F.2d 1178, 1184 (6th Cir. 1981); *Parker v. Turner*, 626 F.2d 1, 7 (6th Cir. 1980). Because the motion under Fed. R. Civ. P. 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Scheuer*, 416 U.S. at 236; *McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155; *Sims*, 451 F.2d at 173.

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. *See United States v. School Dist. of Ferndale*, 577 F.2d 1339, 1345 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d at 858; *Dunn v. Tennessee*, 697 F.2d 121, 125 (6th Cir. 1983). Fed. R. Civ. P. 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Dunn*, 697 F.2d at 125; *Westlake*, 537 F.2d at 858.

7

The court will grant a defendant's motion for dismissal under Fed. R. Civ. P. 12(b)(6) if the complaint is without any merit because of an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367; *Brennan v. Rhodes*, 423 F.2d 706 (6th Cir. 1970). It is not necessary that a plaintiff set forth in a complaint the legal theory on which plaintiff relies if the complaint sets forth sufficient factual allegations to state a claim showing that plaintiff is entitled to any relief which can be granted. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974); *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 24-25 (4th Cir. 1963).

**III. Discussion**

**A. Motion to Dismiss of the Union Defendants**

Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), the Court partially ADOPTS the Magistrate Judge's October 5, 2005 Report and Recommenda-tion (doc. 47). The Magistrate Judge recommended that defendants OCSEA AFSCME Local 11, Dan Alvarado, Dave Justice, and Sherrie Patrick's June 17, 2005 motion to dismiss (doc. 35 in case # 2:04–cv-13) be granted in part and denied in part.

8

**Duty of fair representation.**   The Union defendants maintain that this Court lacks subject matter jurisdiction over an unfair labor practice claim of a state employee.  Under the Labor Management Relations Act ("LMRA"), "[t]he term 'employer' . . . shall not include . . . any State or political subdivision thereof. . . ." 29 U.S.C. § 152(2).  *See also City of Saginaw v.  Service Employees International Union, Local 446-M*, 720 F.2d 459, 462 (6th Cir.  1983). Section 4117.11 of the Ohio Revised Code protects state employees against unfair labor practices and provides the State Employment Relations Board ("SERB") with exclusive jurisdiction to decide such claims. This Court does not have original jurisdiction to hear such claims.  *See Franklin City Law Enforcement Association v.  F.O.P., Lodge 9*, 59 Ohio St.  3d 176, 169-70 (1991).  Therefore, the Union defendants' motion to dismiss plaintiff's state claim based on defendants' duty of fair representation is GRANTED.

**Title VII claim against the Union.**  The Magistrate Judge concluded that construing the complaint most favorably to the plaintiff, it stated a claim under Title VII that the Union, motivated by racial animus, breached its duty of fair representation.  However, the Magistrate Judge reserved ruling on defendants' motion to dismiss on the issue of whether plaintiff timely filed his charge with the EEOC.  Plaintiff was ordered to file his EEOC charge within ten days of the October 5, 2005 Report and Recommendation.  Plaintiff failed to do so.

A plaintiff must file a timely discrimination charge with the EEOC under Title VII. *Amni v. Oberlin College*, 259 F. 3d 493, 498 (6th Cir. 2001). In a deferral state, such as Ohio, plaintiff must file a charge of discrimination within 300 days of the alleged discriminatory act. *Id*. Plaintiff attached his right to sue letter from the EEOC to his original complaint. This letter indicates that his charge of discrimination was not timely filed with the EEOC.

The 300-day period of limitations for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). However, equitable tolling relief should be granted only sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir.2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96(1990)). The Sixth Circuit considers the following factors when considering the application of equitable tolling: lack of notice of the filing requirement; lack of constructive knowledge of the filing requirement; diligence in pursuing one's rights; absence of prejudice to the defendant; and the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim. *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988). Plaintiff has not argued that the application of equitable tolling is appropriate in this case. Consequently, the Union defendants' motion to dismiss plaintiff's Title VII claims because the charge of

discrimination was not filed within 300 days after the alleged discriminatory conduct is GRANTED.

Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), the Court ADOPTS the October 5, 2005 Report and Recommendation (doc. 47) in part. Defendants' June 15, 2005 motion to dismiss (doc. 35) is GRANTED.

### B. Motion to Dismiss of the State Defendants

As required by 28 U.S.C. §636(c), the Court has made a *de novo* review of those portions of the Report and Recommendation to which the defendant specifically objects. Upon *de novo* review, the Court OVERRULES the plaintiff's objections and ADOPTS the Magistrate Judge's October 5, 2005 Report and Recommendation (doc. 48).

**Title VII claims.** Plaintiff's Title VII claims against the State defendants are also subject to dismissal because Mr. Gilbert failed to file a timely discrimination charge with the EEOC. *Amni v. Oberlin College*, 259 F. 3d 493, 498 (6th Cir. 2001). Plaintiff's right to sue letter from the EEOC indicates that his charge of discrimination was not timely filed with the EEOC. Furthermore, the Title VII claims against individual defendants must be dismissed because individual employees of the state are not subject to Title VII claims. *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997).

**FMLA claims against the ODRC and the individual defendants.** In *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003), the United States

11

Supreme Court held that state employees may recover money damages in federal court in the event of the state's failure to comply with the family-care provis-ion of the FMLA. Since that decision, courts, including the Sixth Circuit, have addressed whether the *Hibbs* decision implicated the self-care provision of the FMLA. In *Touvell v. Ohio Department of Mental Retardation and Developmental Disabili-ties*, No. 04-4011 (6th Cir. Sep. 9, 2005), the Sixth Circuit held that the FMLA's purported abrogation of Ohio's Eleventh Amendment immunity was unconstitutional as it related to the self-care provision of the FMLA. Furthermore, governmental officials or supervisors are not "employers" and cannot be held individually liable under the FMLA. *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003). Consequently, to the extent that plaintiff has alleged an FMLA claim against ODRC and the individual defendants, defendants' motion to dismiss is GRANTED.

**LMRA claim against State of Ohio.** Plaintiff argues that he has proven that defendants breached the collective bargaining agreement when they discriminat-ed against him. Plaintiff also maintains that he was sexually harassed by his super-visor. Plaintiff contends that he has stated claims upon which relief can be granted, including reinstatement, full back pay and seniority, promotion to position fitting his years of experience and education, purging his personnel record, a letter of reference in his files, and a letter guaranteeing that

management will not target him, discriminate, retaliate, intimidate or establish a hostile workplace directed toward him.

This Court lacks subject matter jurisdiction over a hybrid duty of fair representation and breach of collective bargaining agreement claim against the State. As previously noted, the LMRA does not apply to states or state agencies. 29 U.S.C. § 152(2); *City of Saginaw v. Service Employees International Union, Local 446-M*, 720 F.2d 459, 462 (6th Cir. 1983). Because SERB has exclusive jurisdiction to decide claims pursuant to Ohio Revised Code § 4117.11, this Court does not have original jurisdiction to hear such claims. *Franklin City Law Enforcement Association v. F.O.P., Lodge 9*, 59 Ohio St. 3d 176, 169-70 (1991). To the extent that plaintiff has asserted a hybrid claim pursuant to the LMRA against ODRC, defendants' motion to dismiss is GRANTED.

**State defendants' sovereign immunity defense.** Finally, plaintiff argues that the Eleventh Amendment does not shield the state from being sued if it has committed a crime. Plaintiff asserts that his supervisor committed crimes of invading his privacy, kidnapping, and false imprisonment. Plaintiff cannot properly allege any state law claims against the State defendants or the State itself because of immunity afforded by the Eleventh Amendment. Under the Eleventh Amendment, absent a state's unequivocal consent, it is immune from suit. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 120-21 (1983).

To the extent that plaintiff has asserted any state law claims against the State defendants, defendants' motion to dismiss is GRANTED.

**Failure to serve summons and complaint on defendant Mark Saunders.**
The only State defendant named in plaintiff's complaint was Mark Saunders, the Warden of the Corrections Reception Center. According to the docket, Mark Saunders has never been served with summons and complaint filed in 2:04-cv-660. Saunders. The October 5, 2005 Report and Recommendation ordered plaintiff to show cause within fifteen days of why defendant Saunders should not be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civil. P. for failure to obtain service on him. *See* doc. 48.

Plaintiff argues that Warden Mark Saunders should not be dismissed from the case because he was a major party to the ongoing discrimination. Plaintiff maintains that defendants were deliberately uncooperative in providing an address for him when they knew he was the warden at a different facility. Plaintiff now requests that he be given the opportunity to attempt service at Saunders' new job location. Plaintiff's request is DENIED as MOOT. As discussed above, plaintiff cannot maintain this action against Saunders because individual state employees cannot be liable under Title VII or FMLA.

For the reasons stated above, the Court OVERRULES plaintiff's objections, and the Ohio Department of Rehabilitation and Correction, ("ODRC"), Correction Reception Center, Donna Day, George Smith, and Jacqueline

Foster's June 15, 2005 motion to dismiss plaintiff's complaint (doc. 33 in case # 2:04–cv-13) is GRANTED. Furthermore, the Clerk of Court is DIRECTED to enter JUDGMENT dismissing Mark Saunders, without prejudice, under Rule 4(m), Fed. R. Civil. P. for failure to obtain service on defendant.

### IV. Conclusion

For the reasons stated above, the Court ADOPTS the October 5, 2005 Report and Recommendation (doc. 47) in part. Defendants' June 15, 2005 motion to dismiss (doc. 35) is GRANTED.

The Court OVERRULES plaintiff's objections, and the Ohio Department of Rehabilitation and Correction, ("ODRC"), Correction Reception Center, Donna Day, George Smith, and Jacqueline Foster's June 15, 2005 motion to dismiss plaintiff's complaint (doc. 33 in case # 2:04–cv-13) is GRANTED. The Clerk of Court is DIRECTED to enter JUDGMENT dismissing Mark Saunders, without prejudice, under Rule 4(m), Fed. R. Civil. P. for failure to obtain service on him.

This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT in *Michael S. Gilbert v. OSCEA AFSCME Local 11, et al.*, 2:04-cv-00660 for defendants.

It is so ORDERED.

                                                  s/James L. Graham  
                                                  JAMES L. GRAHAM  
                                                  United States District Judge

DATE:  March 28, 2006